

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 50380 | **DATE** | 4/29/2002 |
| **CASE TITLE** | Clark vs. Henninger | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant and plaintiff's cross-motions for summary judgment;
Plaintiff's motion to strike and amend

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment [120-1] is granted, plaintiff's motion for summary judgment [110-1] is denied, plaintiff's motion to strike [117-1] is denied, and plaintiff's motion to amend [117-2] is granted. This case is hereby dismissed in its entirety with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | APR 30 2002 date docketed | Document Number |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| X | Mail AO 450 form. | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | 4-30-02 date mailed notice | |
| /LC | courtroom deputy's initials | U.S. DISTRICT COURT CLERK 02 APR 29 PM 3:47 FILED-WD Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Joanne Clark, proceeds pro se in her complaint against the last remaining defendant, William L. Henninger, sued in his individual capacity as a McHenry County Deputy Sheriff. This case is on a remand from the Seventh Circuit, limited solely to Clark's Fourth Amendment claim under 42 U.S.C. § 1983 that Henninger arrested her inside her home without a warrant. See Clark v. Henninger, No. 99-3071, 2000 WL 968044, at *5 (7th Cir. July 11, 2000) (unpublished order). Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1391. Before the court are the parties' cross-motions for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56, and Clark's motions to strike and to amend.

Taking up the latter two motions first, Clark seeks to amend her Local Rule ("LR") 56.1 statement of facts by adding paragraphs setting out the description of the parties and the basis for jurisdiction and venue. As Henninger does not oppose this motion, it is accordingly granted. In her motion to strike, Clark argues Henninger's response to her motion for summary judgment should be stricken in its entirety because he filed it one day late and exceeded the page limit set out in LR 7.1. This motion is denied because Henninger's memorandum of law does not exceed fifteen pages and, although his response, as well as his reply in support of his own motion for summary judgment, were indeed one day late, and his explanation for this delay is feeble at best, the court finds this is not sufficient cause to strike the response.

Turning to the cross-motions for summary judgment, the court agrees with Henninger that Clark is collaterally estopped from litigating her Fourth Amendment claim in federal court because the issue of whether Henninger could effect a warrantless arrest of Clark inside her home was fully argued before, and decided by, the Illinois state court in which Clark was convicted of battery. In Allen v. McCurry, 449 U.S. 90 (1980), the Supreme Court explained the doctrine of collateral estoppel applies when a § 1983 plaintiff attempts to relitigate in federal court issues, such as alleged Fourth Amendment violations, decided against her in state criminal proceedings when the state court has given the parties a "full and fair opportunity" to litigate those issues. See id. at 104; see also Haring v. Prosise, 462 U.S. 306, 312-13 (1983). To determine the preclusive effect of a prior state court judgment, federal courts apply that state's collateral estoppel rules. See Haring, 462 U.S. at 313-14; Guenther v. Holmgreen, 738 F.2d 879, 884 (7th Cir. 1984), cert. denied, 469 U.S. 1212 (1985).

In this case, Clark does not at all dispute, and even admits, she was able to argue and put on evidence regarding the issue of whether Henninger's warrantless arrest of her inside her home violated the Fourth Amendment during a suppression hearing as part of her state criminal proceeding. (Pl. Resp., p. 6) Indeed, the transcript of that suppression hearing, which has been made part of the record on summary judgment, unequivocally shows Clark examined several witnesses, including Henninger, questioned Henninger about the circumstances of the arrest, was able to testify on her own behalf in narrative form, and, although proceeding pro se, argued various points of law, including whether Henninger violated the Fourth Amendment by arresting her without a warrant inside her home. She even cited relevant case law, such as Payton v. New York, 445 U.S. 573 (1980), and United States v. Santana, 427 U.S. 38 (1976). Nevertheless, the state trial court judge ruled against Clark by crediting Henninger's testimony over hers and finding Clark committed a battery against Henninger in a public place by pushing him while he was standing just outside her doorway, holding onto the screen door, and she was standing in the doorway, so that he was allowed to follow Clark and complete the arrest as she walked back into her home. (Def. Exh. C, p. 147) Furthermore, the Illinois appellate court specifically affirmed this ruling in an unpublished opinion, holding that "because [Henninger] had lawfully began to arrest [Clark] in the doorway prior to [Clark's] retreat into the trailer, [Henninger] was authorized to enter the dwelling to complete the arrest." Illinois v. Clark, No. 2-99-1438, slip op. at 9 (Ill. App. Ct. Jan. 25, 2001) (citing Santana, 427 U.S. at 43). As the parties had a full and fair opportunity to litigate the warrantless home arrest issue before the state court, that issue is undoubtedly identical to the only issue left in Clark's federal case, the state trial court rendered a final judgment on that issue, later affirmed by the state appellate court, and Clark was obviously a party in the state criminal proceeding, see Nowak v. St. Rita High Sch., 757 N.E.2d 471, 478 (Ill. 2001) (listing requirements Illinois courts use to invoke collateral estoppel), the court finds Clark is collaterally estopped from relitigating the issue of whether Henninger violated her Fourth Amendment right not to be arrested inside her home without a warrant.

Without mentioning it by name, however, Clark seems to invoke the law of the case doctrine by arguing Henninger himself should be precluded from raising the collateral estoppel defense because the Seventh Circuit already rejected it when this case was up on appeal. (Pl. Resp., p. 10) The court is not convinced. First, from what the court can tell, it appears Henninger argued only that he was entitled to qualified immunity because the state court made an "implicit" finding of probable cause. See Clark, 2000 WL 968044, at *5. Nowhere does the Seventh Circuit's opinion mention collateral estoppel or issue preclusion, or anything of the sort – it held only that probable cause alone was not enough to justify an alleged arrest of Clark inside her home without a warrant. See id. Besides that, the Seventh Circuit was at that time reviewing a motion to dismiss brought under Rule 12(b)(6), and specifically noted the only thing before it was "the order issued by the state court and the order says nothing about probable cause." Id. In contrast, now before the court are cross-motions for summary judgment with a fully developed evidentiary record, including the transcripts of the state court suppression hearing and jury trial, as well as the parties' depositions, among other things. As this evidence makes undeniably clear, Clark has already had one opportunity to fully and fairly litigate the Fourth Amendment issue she raises here before the state court. That court's decision against her on that same issue now precludes her from litigating that issue all over again in federal court.

For the reasons stated above, Henninger's motion for summary judgment is granted, Clark's motion for summary judgment is denied, Clark's motion to strike is denied, and Clark's motion to amend is granted. This case is hereby dismissed in its entirety.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Joanne Clark

v.

William L. Henninger, et al.

**JUDGMENT IN A CIVIL CASE**

Case Number: 98 C 50380

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant, William L. Henninger's, motion for summary judgment is granted, plaintiff's motion for summary judgment is denied, plaintiff's motion to strike is denied, and plaintiff's motion to amend is granted. This case is hereby dismissed in its entirety with prejudice.

All orders in this case are now final and appealable.

Date: 4/29/2002

Michael W. Dobbins, Clerk of Court

Susan M. Wessman, Deputy Clerk